9589 0710 5270 1564 9481 01

FILED
CHARLOTTE, NC

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

SEP 29 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

Charlotte Division

| | | |
|---|---|---|
| Ryan Moore | ) | Case No. 3:25-cv-745-MOC |
| | ) | (to be filled in by the Clerk's Office) |
| *Plaintiff(s)* | ) | |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | Jury Trial: (check one) ✓ Yes ☐ No |
| -v- | ) | |
| JPMorgan Chase Bank N.A. | ) | |
| *Defendant(s)* | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Ryan Moore |
| Street Address | 1233 The Plaza, P.O. Box 18131 |
| City and County | Charlotte, Mecklenburg County |
| State and Zip Code | North Carolina 28218 |
| Telephone Number | 347-981-6399 |
| E-mail Address | ryan01221993@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: JPMorgan Chase Bank, National Association (SOSID: 1775035)
- Job or Title *(if known)*: Legal Papers Served
- Street Address: Mail Code LA4-7100
- City and County: Monroe, Ouachita County
- State and Zip Code: LA, 71203
- Telephone Number: 1-800-870-8482
- E-mail Address *(if known)*:

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question   [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693 et seq; Regulation E, 12 C.F.R. Part 1005; Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202; 28 U.S.C. § 1331 (Federal Question Jurisdiction); 28 U.S.C. § 1367 (Supplemental Jurisdiction over related state law claims)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

b. If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiff alleges that JPMorgan Chase Bank, N.A. violated the Electronic Fund Transfer Act (Regulation E) by refusing to investigate unauthorized transactions, imposed an unlawful two-year cutoff policy contrary to federal law, breached the Deposit Account Agreement, and engaged in unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1. These actions deprived Plaintiff of federally protected rights, caused financial harm, and created an ongoing controversy requiring declaratory and equitable relief.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Actual damages for $9,765.50 under 15 U.S.C. § 1693, and related claims. Out-of-pocket losses of $1,824.00 for fees resulting from Defendant's denial of claim. Emotional distress damages of $1,000.00 for non-economic harm, including anxiety, stress, and reputational injury. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1693m (a)(2)(A). Treble damages of $29,521.50 under the North Carolina UDTPA, N.C. Gen. Stat. § 75-16. Declaratory judgment declaring Defendant's policy unlawful under 28 U.S.C. §§ 2201–2202. Equitable relief requiring Defendant to complete the investigation, and an injunction prohibiting arbitrary internal time limits that conflict with federal law. Restitution of all wrongfully withheld funds. Pre- and post-judgment interest as allowed by law. Total ➕

Estimated damages: $45,611.00 (subject to change)

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/24/2025

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Ryan Moore

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____

Ryan Moore
1233 The Plaza
P.O. Box 18131
Charlotte, NC 28218
347-981-6399
ryan01221993@gmail.com

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| RYAN MOORE,<br><br>      Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.,,<br><br>      Defendant | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

INTRODUCTION

1. This is an action for damages and equitable relief brought by Plaintiff Ryan Moore against Defendant JPMorgan Chase Bank, N.A. ("Chase") for violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq., and its implementing regulation, 12 C.F.R. § 1005 ("Regulation E"), as well as for breach of contract and declaratory relief.

2. Plaintiff seeks redress for Defendant's unlawful denial of an error resolution claim, based on an arbitrary internal deadline that contradicts the governing federal statute and binding regulatory guidance issued by the Consumer Financial Protection Bureau.

3. On or about October 30th, 2025, Plaintiff received findings from Serv Inc., an independent investigative service, which confirmed that the merchant failed to respond to inquiries and identified deceptive origination practices (*Exhibit G*)

4. Plaintiff sought to initiate a Regulation E investigation on multiple occasions, including in-person visits and phone calls with Defendant's representatives. Each department uniformly denied his request, citing Defendant's internal policies despite Plaintiff's references to governing law (Exhibit B). Defendant later formalized this position in its written CFPB portal response (Exhibit C).

1
COMPLAINT

5. Plaintiff's notice of error was supported by extenuating circumstances that excused any delay in reporting under 12 C.F.R. § 1005.11(b)(1)(ii). Defendant failed to conduct a proper investigation as required under § 1005.11(c), improperly denied the claim by relying on Visa chargeback rules rather than federal law, and failed to provide Plaintiff with any documentation used in its decision, as required by § 1005.11(d).

6. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331. Plaintiff also invokes this Court's equitable jurisdiction to rescind the denial of the claim, declare Defendant's internal policies unlawful, and enjoin continued use of practices that result in systemic denial of rights guaranteed under federal law. Legal remedies are inadequate where denial of a claim undermines a federally protected investigatory right and facilitates unjust enrichment through evasion of mandatory liability reimbursement obligations.

7. Plaintiff affirmatively invokes this Court's equitable jurisdiction to compel Defendant's compliance with federal mandates and to prevent further harm to Plaintiff and similarly situated consumers. Absent equitable intervention, Defendant's continued use of unauthorized internal policies frustrates the purpose of Regulation E and deprives consumers of statutory protections without judicial review.

## PARTIES

8. Plaintiff Ryan Moore is a natural person and consumer within the meaning of the Electronic Fund Transfer Act. He resides in Charlotte, North Carolina (Mecklenburg County) and maintains a personal deposit account with Defendant.

9. Defendant JPMorgan Chase Bank, N.A. is a national banking association with its principal place of business located in New York, New York. Chase conducts business in the State of North Carolina and maintains branch locations and transactional operations within this district.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693m.

11. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from a common nucleus of operative fact.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claim occurred in this district and the Defendant regularly conducts business in this jurisdiction.

## COUNT I

**Violation of the Electronic Fund Transfer Act (Regulation E)**

**15 U.S.C. § 1693 et seq. / 12 C.F.R. § 1005.11**

13. Defendant JPMorgan Chase Bank, N.A. is a financial institution within the meaning of 12 C.F.R. § 1005.2(i), and Plaintiff is a consumer who holds a personal deposit account contractually covered by the protections of Regulation E.

14. Plaintiff submitted a verbal dispute in person at a branch location on or about 10/31/2024, and a written demand for reimbursement of the unauthorized electronic fund transfers on or about 04/03/2025 (Exhibit B), which qualified as a "notice of error" under 12 C.F.R. § 1005.11(a)(1).

15. Plaintiff's notice included a statement that extenuating circumstances caused a delay in reporting the error which was undetectable on any bank statement issued by the Defendant (Exhibit A). Pursuant to 12 C.F.R. § 1005.11(b)(1)(ii), the notice remained timely within 38 days of learning of the error, making Defendant obligated to proceed with a full investigation.

16. Defendant refused to investigate the error claim based on an internal policy that disqualifies any notice submitted more than two years after the transaction. This policy is not found in the deposit account agreement, Electronic Fund Transfer Act, or Regulation E (Exhibit D).

17. Plaintiff later received findings from Serv Inc., an independent investigative service, which confirmed both the merchant's silence and Defendant's failure to comply with its obligations under Regulation E. Regulation E places this investigative obligation squarely upon financial institutions, not consumers. Defendant's refusal to investigate, as evidenced by its repeated denials across departments, constitutes a violation of 12 C.F.R. § 1005.11 (Exhibit G).

18. By applying this internal cutoff, Defendant violated 12 C.F.R. § 1005.11(c), which requires a financial institution to conduct a reasonable investigation of any error claim that is timely or delayed due to extenuating circumstances.

3
COMPLAINT

19. Defendant further violated 12 C.F.R. § 1005.11(d) by failing to provide Plaintiff with the documentation it relied upon in denying the claim.
20. Defendant's use of Visa's private chargeback rules as justification for denial does not relieve it of its independent legally binding duties under Regulation E (Exhibit F).
21. Defendant's repeated refusals across multiple points of contact establish a pattern of denying consumers the federally mandated error resolution process, in violation of 12 C.F.R. § 1005.11 (Exhibits B, C).
22. These actions deprived Plaintiff of the right to a good-faith investigation and provisional or final credit as mandated by federal law.
23. As a result, Plaintiff suffered significant financial harm and was denied a federally protected right.

# COUNT II

**Breach of Contract**

24. Plaintiff maintains a valid and enforceable Deposit Account Agreement with Defendant JPMorgan Chase Bank, N.A., governing the terms and procedures for reporting unauthorized electronic fund transfers.
25. The Agreement includes a provision under which Defendant states that it will extend the 60-day reporting deadline for error claims where the customer had a "good reason," including circumstances such as illness, absence, or complexity (Exhibit D).
26. This provision creates a contractual obligation for Defendant to accept delayed error notices under conditions aligned with or broader than the protections afforded by 12 C.F.R. § 1005.11(b)(1)(ii).
27. Plaintiff provided written notice of an error, along with a description of extenuating circumstances that justified the delay, and made the request in a manner consistent with both the Agreement and Regulation E (Exhibit B).
28. Defendant refused to investigate the claim, citing an internal "two-year cutoff" policy that is based on VISA systemic limitations, yet not disclosed anywhere in the Deposit Account Agreement, nor authorized by law (Exhibit E).

4
COMPLAINT

29. Defendant responded to an investigation conducted by the Consumer Financial Protection Bureau with misleading and false information stating, "for transactions being disputed through VISA, our customers have 120 days to report any unauthorized activity." However, the Deposit Account Agreement and Privacy Notice do not mention the word/phrase "VISA" or "120 days" whatsoever (Exhibit C & E).

30. By failing to honor the tolling language in the regulation and its own Agreement, and denying Plaintiff's claim without conducting the required investigation, Defendant breached its contractual duties and deprived Plaintiff of the benefit of the account protections provided by both these governing authorities.

31. Findings later communicated to Plaintiff by Serv Inc., an independent investigative service, further corroborate that Defendant disregarded its contractual duty to investigate under the Deposit Account Agreement (Exhibit G).

# COUNT III

**Declaratory Judgment – Invalidity of Internal Policy and Enforcement Practices**
**(28 U.S.C. §§ 2201–2202)**

32. Plaintiff incorporates only the allegations contained in paragraphs 1 through 10 of the Introduction and Jurisdiction sections, as necessary to establish standing and the existence of a justiciable controversy.

33. Plaintiff seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, to resolve an actual controversy between the parties concerning Defendant's continued use and enforcement of an internal policy that conflicts with federal law.

34. Defendant JPMorgan Chase Bank, N.A. has adopted and applied a policy that treats Regulation E error resolution claims as invalid when submitted more than two years after the date of the transaction, regardless of whether extenuating circumstances are present.

35. This two-year cutoff is not authorized by the Electronic Fund Transfer Act, 15 U.S.C. § 1693, or its implementing regulation, 12 C.F.R. § 1005.11, and contradicts official guidance from the Consumer Financial Protection Bureau (Exhibit F), which states that no arbitrary time limit may be imposed on extenuating circumstances under § 1005.11(b)(1)(ii).

36. Defendant applied this invalid policy to Plaintiff's claim, denied investigation based on its internal rules, and continues to maintain the legality of this practice despite federal law to the contrary.
37. Because Defendant applies its internal two-year cutoff across departments and repeatedly denies requests for investigations, an actual and continuing controversy exists regarding its unlawful practices (Exhibits B, C).

# COUNT IV

**Violation of the North Carolina Unfair and Deceptive Trade Practices Act**
**(N.C. Gen. Stat. § 75-1.1 et seq.)**

38. Plaintiff re-alleges only the facts contained in paragraphs 22 through 27 of Count II, which describe the terms of the Deposit Account Agreement and Defendant's refusal to honor those terms or federal law.
39. Defendant's conduct constitutes unfair and deceptive trade practices in or affecting commerce within the meaning of N.C. Gen. Stat. § 75-1.1.
40. Plaintiff attempted in good faith to resolve the disputed transaction directly with the merchant, Major World Chevrolet LLC. The merchant failed to respond to Plaintiff's inquiries. Plaintiff thereafter notified Defendant of the error and requested an investigation as required by Regulation E. Defendant's refusal to investigate compounded the underlying merchant deception and deprived Plaintiff of his statutory rights.
41. Defendant's systemic misconduct is further evidenced by its repeated denials across multiple departments. Despite Plaintiff's in-person visits and phone calls referencing governing law, Defendant uniformly refused to initiate a Regulation E investigation (Exhibit B).
42. Defendant then formalized this position in its CFPB portal response, falsely citing Visa's 120-day chargeback rules instead of the governing requirements of Regulation E (Exhibit C). These misrepresentations had the capacity to mislead both Plaintiff and federal regulators.
43. The findings of Serv Associates Inc., provided to Plaintiff after Defendant refused to act, confirm that Defendant's conduct compounded the merchant's silence and perpetuated unfair and deceptive practices (Exhibit G).

44. Defendant's actions were willful, intentional, and part of a broader pattern or practice of misrepresentation and refusal to comply with federal law. Such conduct constitutes an unfair and deceptive trade practice under N.C. Gen. Stat. § 75-1.1, entitling Plaintiff to treble damages and appropriate equitable relief.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

45. Actual Damages pursuant to 15 U.S.C. § 1693m(a)(1) and applicable state law;
46. Statutory Damages under 15 U.S.C. § 1693m(a)(2)(A) for Defendant's violation of Regulation E;
    a. Treble Damages under N.C. Gen. Stat. § 75-16 for Defendant's violation of the North Carolina Unfair and Deceptive Trade Practices Act;
    b. Declaratory Judgment under 28 U.S.C. § 2201 declaring that:
    a. Defendant's internal two-year cutoff policy violates federal law;
    b. Defendant's reliance on Visa chargeback rules does not discharge its obligations under Regulation E;
    c. Defendant's contract language misrepresents the scope of Plaintiff's statutory rights;
47. Equitable Relief, including:
    a. Rescission of Defendant's denial of Plaintiff's error resolution claim;
    b. An order requiring Defendant to reinstate and complete the Regulation E investigation;
    c. A permanent injunction prohibiting Defendant from applying arbitrary time limits inconsistent with federal tolling standards;
48. Restitution or Reimbursement of funds wrongfully withheld as a result of Defendant's violations;
49. Attorneys' Fees and Costs under 15 U.S.C. § 1693m(a)(3), N.C. Gen. Stat. § 75-16.1, or as otherwise permitted by law;
50. Prejudgment and Post-Judgment Interest as permitted by law;
51. Such other and further relief as the Court deems just and proper.

Respectfully submitted

Prepared by Ryan Moore, Pro Se

1233 The Plaza

P.O. Box 18131

North Carolina 28218

ryan01221993@gmail.com

347-981-6399

Dated this 23 day of August, 2025.

_Ryan Moore_
Ryan Moore

8
COMPLAINT